IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY CURRAN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 11-6206 |
| | : | |
| GARY BARBERA ENTERPRISES, | : | |
| LLC, d/b/a Gary Barbera's | : | |
| Chryslerland, | : | |
| Defendant | : | |

# O R D E R

**AND NOW,** this   7th   day of March, 2013, upon consideration of the plaintiff's motion to confirm entry of default judgment and assess damages (Document #5), and after a hearing on the motion, I find that:

1. On October 3, 2011, the plaintiff filed a complaint against the defendant including two counts of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., and the Pennsylvania Human Relations Act, 43 P.S. § 955(a), *et seq*. See Document #1.

2. On October 21, 2011, the summons was returned indicating it was executed by the plaintiff who served the summons and complaint upon the defendant. See Document #3.

3. The answer to the complaint was due on November 8, 2011. Id.

4. No one has entered an appearance on behalf of the defendant, and no answer has been filed to the complaint.

5. On December 1, 2011, upon the plaintiff's request, the Clerk of Court entered a default by the defendant for failure to appear, plead, or otherwise defend. See Document #4.

6. On March 2, 2012, the plaintiff filed a motion for default judgment with an affidavit and several exhibits attached. See Document #5.

7. The defendant has not responded to this motion for default judgment.

8. Although the defendant was notified of the date, time, and location of the hearing to confirm the default judgment and to assess damages, the defendant did not attend the hearing.

9. After a review of the complaint, I am satisfied that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  I am also satisfied that the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the plaintiff's claim under the Pennsylvania Human Relations Act.

10. Based upon the allegations set forth in the complaint which have been treated as admissions of fact by default, and based upon the plaintiff's testimony at the hearing and her affidavit attached to the motion for default judgment, the plaintiff has established a *prima facie* case of employment discrimination based on her gender, see Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008), based on retaliation, see Moore v. City of Philadelphia, 461 F.3d 331, 341-342 (3d Cir. 2006), and based on a hostile work environment, see Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986), as set forth in Count One and Count Two of the complaint.

11. The plaintiff's constant complaints to the defendant regarding the hostile work environment, the defendant's dismissal of those complaints, its lack of action to stop the continued harassment, and its retaliatory conduct against the plaintiff provide a more than adequate basis for employer liability.  See Faragher v. City of Boca Raton, 524 U.S. 775, 789 (1998) ("the combined knowledge and inaction may be seen as demonstrable negligence, or as the employer's adoption of the offending conduct and its results, quite as if they had been authorized affirmatively by the employer").

12. At the hearing, the plaintiff credibly testified to the emotional pain and distress, the suffering, mental anguish, and loss of enjoyment of life, all of which she experienced as a result of the defendant's illegal conduct.

13. After considering the plaintiff's uncontroverted testimony, her affidavit, and her uncontested motion for default judgment, I find that the plaintiff is entitled to an award of damages as set forth below.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for default judgment is GRANTED.

2. Judgment is entered on behalf of the plaintiff and against the defendant on Counts One and Two of the complaint, in the following amounts plus interest at the legal rate from the date of this Order:

(a) $21,622 in back pay

(b) $50,000 for emotional distress

(c) $10,670.85 in attorney's fees and costs

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.